```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| BEBE STUDIO, INC. et al.,<br><br>     Plaintiffs<br><br>          v.<br><br>ZAKKOS, et al.,<br><br>     Defendants | CIVIL NO. 08-1462 (JP) |

**OPINION AND ORDER**

Before the Court is Plaintiffs Bebe studio, Inc., Chanel, Inc., Coach Services, Inc., Gucci America, Inc., and PRL USA Holdings, Inc.'s motion for summary judgment on issue of liability **(No. 121)** against the following Defendants (collectively, the "Named Defendants"): (1) Roberto Rivera-Mendoza d/b/a Accessory Collection Outlet ("Accessory Collection Outlet"), (2) David Calderón d/b/a David Import ("David Import"), (3) Juan Franco d/b/a Garmaly Fashion ("Garmaly Fashion"), (4) Félix Acosta d/b/a International Wholesalers ("International Wholesalers"), (5) Neysa Díaz and Neisaliz Díaz d/b/a Michael's Import Wholesale ("Michael's Import Wholesale"), (6) Bienvenido Velázquez-Dávila d/b/a Pochis Commercial, Inc. ("Pochis Commercial, Inc."), (7) Roberto Rivera-Mendoza d/b/a Revolution Wave Import ("Revolution Wave Import"), (8) Valentín Cabrera-Pérez, Altagracis Pérez-Sánchez, and the conjugal partnership

CIVIL NO. 08-1462 (JP)           -2-

formed between them d/b/a Vale's Imports ("Vale's Imports"), and (9) 24 Distributors, Inc.

None of the Named Defendants have filed an opposition to Plaintiffs' motion for summary judgment on the issue of liability. Seven of the nine named Defendants filed responses to Plaintiffs' motions in which said Defendants acknowledged liability and stated that they do not oppose Plaintiffs' motion for summary judgment on this issue (Nos. 135, 140, 157, 158, 159, 160). Two of the Named Defendants did not file any response. The Court entered an Order (No. 155) stating that Plaintiffs' motion shall be considered unopposed by any Defendants that failed to submit a timely response in opposition. For the reasons stated herein, Plaintiffs' motion for summary judgment on issue of the Named Defendants' liability is **GRANTED**.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed the instant action against a number of retailers in Puerto Rico, alleging that Defendants unlawfully engaged in the importation, distribution, sale and/or offer for sale of counterfeit merchandise bearing exact copies and/or colorable duplications of Plaintiffs' trademarks or other exclusive properties. Plaintiffs allege that their respective brand names and associated trademarks are widely known as designers of popular fragrances, handbags, cosmetics, clothing, and other merchandise. Plaintiffs assert claims pursuant to the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*,

CIVIL NO. 08-1462 (JP)          -3-

for trademark infringement, 15 U.S.C. § 1114, and false designation of origin and false description, 15 U.S.C. § 1125.  For purposes of the present motion for summary judgment, Plaintiffs have limited the scope of their argument to the issue of liability for trademark infringement.

    The Court entered a Temporary Restraining Order and Seizure Order (No. 7) on April 24, 2008, enjoining all Defendants from selling, advertising, and destroying, among other actions, any merchandise not authorized by the Plaintiffs that incorporates any of the trademarks identified in Exhibit "A" of the Complaint. Pursuant thereto, on April 26, 2008, a civil seizure was carried out at each of the Defendants' stores.  On May 6, 2008, the Court held a show cause hearing (No. 45), at which fifty Defendants appeared and all accepted the entry of the Preliminary Injunction requested by Plaintiffs.  On May 7, 2008, the Court entered a written Order for a Preliminary Injunction (No. 40) against all Defendants, enjoining them from selling, advertising, and destroying, among other actions, any merchandise not authorized by the Plaintiffs that incorporates any of the trademarks identified in Exhibit "A" of the Complaint.

    Subsequently, a number of settlement agreements have been reached between Plaintiffs and individual Defendants, and a number of Defendants have failed to appear and have accordingly been found in default.  The Named Defendants, who are the subject of the present

CIVIL NO. 08-1462 (JP)          -4-

motion for summary judgment, are the only remaining Defendants who have neither settled nor been found in default.

## II.  **LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT**

Summary judgment serves to assess the proof to determine if there is a genuine need for trial. Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Zambrana-Marrero v. Suárez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999) (stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact"); Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993); Canal Ins. Co. v. Benner, 980 F.2d 23, 25 (1st Cir. 1992). The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In this way, a fact is material if, based on the substantive law at

CIVIL NO. 08-1462 (JP)          -5-

issue, it might affect the outcome of the case. See Mack v. Great Atl. and Pac. Tea Co., Inc., 871 F.2d 179, 181 (1st Cir. 1989).

On a summary judgment motion, the movant bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the burden shifts to the opposing party who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial. See Anderson, 477 U.S. at 248; Celotex, 477 U.S. at 324; Goldman, 985 F.2d at 1116.

### III. **ANALYSIS**

#### A.   **Plaintiffs' Trademark Infringement Claims**

Trademark infringement under the Lanham Act occurs when a defendant, without the plaintiff's consent, uses a mark, symbol, or name which is so similar to the plaintiff's registered mark that it is likely to cause confusion among the purchasing public as to the source of the goods or services. 15 U.S.C. § 1114. Specifically, the relevant section of the Lanham Act prohibits:

> use in commerce [of] any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection

CIVIL NO. 08-1462 (JP)        -6-

>      with such use that is likely to cause confusion, to cause mistake, or to deceive.

15 U.S.C. § 1114(1)(a).

In the instant case, Plaintiffs submitted copies of their Federal Trademark Registrations as attachments to the original complaint (No. 3, Ex. B).  Plaintiffs' registration certificates constitute *prima facie* evidence of the validity of the marks, of Plaintiffs' ownership of the marks, and of Plaintiffs' exclusive right to use the marks in commerce.  15 U.S.C. § 1057.  Plaintiffs have also submitted declarations of their corporate representatives, under penalty of perjury, stating that none of the Named Defendants has been authorized to manufacture, sell, distribute, or offer for sale merchandise bearing the Plaintiffs' registered marks  (No. 3, Ex. D).

In addition, Plaintiffs have submitted evidence indicating that merchandise sold and offered for sale by the Named Defendants bore unauthorized reproductions of Plaintiffs' registered marks.  Said evidence includes: (1) reports, declared under penalty of perjury, of private investigators hired by Plaintiffs to survey the Defendant stores and purchase representative samples of the infringing merchandise (No. 3, Ex. C); (2) the evidence obtained by the U.S. Marshals during their seizure of merchandise (No. 122, Ex. 1); and (3) declarations under penalty of perjury from Plaintiffs' corporate representatives confirming that the evidence purchased or

CIVIL NO. 08-1462 (JP)         -7-

seized from the Named Defendants consisted of counterfeit merchandise bearing Plaintiffs' trademarks (No. 122 Exs. 2-6).

Based on the evidence submitted by Plaintiffs, and in the absence of any contrary evidence submitted by the Named Defendants, the Court finds that Plaintiffs have proven that no genuine factual controversy exists as to the Named Defendants' use in commerce of reproductions or colorable imitations of Plaintiffs' marks, without Plaintiffs' consent.

In order to assess whether a defendant's use of a copy or colorable imitation of a plaintiff's mark is likely to cause consumer confusion, the United States Court of Appeals for the First Circuit has established eight factors: (1) the similarity of the marks; (2) the similarity of the goods; (3) the relationship between the parties' channels of trade; (4) the relationship between the parties' advertising; (5) the classes of prospective purchasers; (6) evidence of actual confusion; (7) the defendant's intent in adopting its mark; and (8) the strength of the plaintiff's mark. Borinquen Biscuit Corp. v. M.V. Trading Corp., 443 F.3d 112, 120 (1st Cir. 2006).

With regard to the first factor, similarity of the marks, Plaintiffs have submitted evidence showing that the Named Defendants have sold or offered for sale merchandise bearing marks that are identical to Plaintiffs' marks. The Court has held in prior cases that likelihood of confusion is presumed when the marks and products are identical. VMG Enterprises, Inc. v. F. Quesada & Franco, Inc.,

CIVIL NO. 08-1462 (JP)           -8-

788 F. Supp. 648 (D.P.R. 1992) (citing Polo Fashions, Inc. v. Fernández, 655 F. Supp. 664 (D.P.R. 1987)).  With regard to the second factor, similarity of the goods, the Named Defendants have sold the same classes of products that Plaintiffs sell using their trademarks, including apparel, sunglasses, and handbags.

With regard to the third factor, the relationship between the parties' channels of trade, both Plaintiffs and the Named Defendants sell products through retailers located in Puerto Rico.  Plaintiffs have not submitted significant evidence regarding the fourth factor, similarity of advertising.  Nevertheless, Plaintiffs correctly point out that in light of their own advertising throughout Puerto Rico and elsewhere, the sale by Defendants of goods that are highly similar to those advertised by Plaintiffs contributes to a likelihood of confusion.

The fifth factor also weighs in favor of a finding of likelihood of confusion, as the class of prospective purchasers for Plaintiffs' goods is likely to overlap significantly with the purchasers of the Named Defendants' identical or highly similar counterfeit goods. The record does not reflect evidence pertaining to the sixth factor, actual confusion.  However, a showing of actual confusion is not necessary to support a finding of likelihood of confusion. Pignons S.A. de Mecanique de Precision v. Polaroid Corp., 657 F.2d 482, 490 (1st Cir. 1981).

CIVIL NO. 08-1462 (JP)              -9-

    Plaintiffs argue that, in reference to the seventh factor, the Named Defendants have demonstrated an intent to cause confusion regarding the source of their products.  The Court agrees that the sale of products identical to Plaintiffs' products suggests an intent on Defendants' behalf to cause confusion.  Finally, the eighth factor, the strength of the Plaintiffs' marks, also weighs in favor of finding a likelihood of confusion.  Plaintiffs respective marks are well-known throughout the world.  The strength of their established brand names and logos is clear, and consumers generally expect products bearing such marks to originate from Plaintiffs.

    Considering the evidence regarding all eight factors as a whole, the Court finds that Defendants have created a likelihood of confusion as to the origin of the products they offer for sale.  The evidentiary record demonstrates that the Named Defendants have engaged in the use in commerce of reproductions or colorable imitations of Plaintiffs' marks, without Plaintiffs' consent, and in a manner that is likely to cause confusion among the purchasing public.  Plaintiffs have thus demonstrated, beyond any material factual dispute, that the Named Defendants are liable for trademark infringement pursuant to 15 U.S.C. § 1114.

**IV.  CONCLUSION**

    In conclusion, the Court **GRANTS** Plaintiffs' motion for partial summary judgment on the issue of liability, and finds the Named

CIVIL NO. 08-1462 (JP)              -10-

Defendants liable of trademark infringement.  A separate Judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of August, 2009.

                                              s/Jaime Pieras, Jr.
                                                JAIME PIERAS, JR.
                                       U.S. SENIOR DISTRICT JUDGE