IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BEBE STUDIO, INC., et al.,

       Plaintiffs

          v.

ZAKKOS, et al.,

       Defendants

CIVIL NO. 08-1462 (JP)

## OPINION AND ORDER

Before the Court is Plaintiffs Bebe Studio, Inc., Chanel, Inc., Coach Services, Inc., Gucci America, Inc., and PRL USA Holdings, Inc.'s motion for default judgment (**No. 163**), and memorandum of law in support thereof (No. 164). Plaintiffs request that the Court enter an award of statutory damages and a permanent injunction against the following Defendants, against whom default has been entered: Hector Figueroa Khury d/b/a Zakkos Al Por Mayor, Juan C. Méndez Torres and Pedro Dumont d/b/a D & R Passion, Explosion Leather, Ibrahim Mahmud and Nabil Mahmud Suleiman d/b/a Quick Model, Mahmoud J. Yacoub d/b/a Thamina, Mohamed Hussein Mahmud d/b/a Tienda Basha, Distribuidora Nacional Boricua, China Town Fashion, Lelis Santos Valenzuela d/b/a L.S. Fragrance, Muhamed Suleiman a/k/a Muhammed Suleiman d/b/a Stop & Shop, Fidel Amengual Estrella d/b/a Yamiled Imports, Marcelino Silvestre d/b/a Silvestre Imports, Teresa de Jesus d/b/a TJD, Jorge Velazquez and Nayda E. Colón Escalanto

CIVIL NO. 08-1462 (JP)            -2-

d/b/a Nayda's Imports, Maria Nuñez d/b/a Mara's Imports & Accessories, Inc., Antonio Camacho Rivera d/b/a El Mundo De La Moda, Juan Carlos Centeno Marcano d/b/a K-Che Moda, Wanda Rivera Ortiz d/b/a Fantasy Outlet, Inc., Ivette Rivera Rivera d/b/a Ivette Hand Bags and Accessories a/k/a RN Distributors, Carmen I. Quiñoneo Velazquez d/b/a I.Q. Design, Inc., Rubén Vidal d/b/a In Style, JA Distributors, JM Distributors, Percio Melo Perez and Marta Iris Rivera Sanches d/b/a Bellezas Jancymar, Hector Cortes Cruz d/b/a Nigear, K-Si Detail, Jonathan Martinez Flores d/b/a Bethel Outlet, Vilma Monge d/b/a Noelia, Luis A. Cortez Rivera d/b/a LAC Imports, K-Libre, Angela Prin Carmona d/b/a Gilprin Handbag, Soleil, Perfumería Elegancia, Manuel Farinacci Morales d/b/a Farinacci Import, Glorimar Albino Desioner d/b/a New Collections, Carlos M. Rivera Melendez d/b/a Charlaine Imports, Cheidy Soto Hernández d/b/a Victoria's Fashion, and Annabelle Perez Casablanca d/b/a The New Concept (collectively "Default Defendants").  For the reasons stated herein, Plaintiffs' motion for default judgment against the Default Defendants[1] is hereby **GRANTED.**

---

[1] Plaintiffs also requested entry of default judgment against three additional defendants, who are excluded from the instant Opinion and Order for the following reasons. Defendants Silver Center and JA Distributors have entered into a settlement with Plaintiffs (Nos. 165 and 237).  Therefore, the Court **FINDS AS MOOT** Plaintiffs' request for default judgment against Defendants Silver Center and JA Distributors.  In accordance with the settlements, the Court will enter a separate Judgment and Permanent Injunction as to said Defendants. Defendants Edgar Figueroa Khury and Marien A. Martinez d/b/a The Outlet by Zakkos Plata have informed the Court (No. 232)

CIVIL NO. 08-1462 (JP)              -3-

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed the instant action against a number of retailers in Puerto Rico, alleging that Defendants unlawfully engaged in the importation, distribution, sale and/or offer for sale of counterfeit merchandise bearing exact copies and/or colorable duplications of Plaintiffs' trademarks or other exclusive properties. Plaintiffs allege that their respective brand names and associated trademarks are widely known as designers of popular fragrances, handbags, cosmetics, clothing, and other merchandise. Plaintiffs assert claims pursuant to the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, for trademark infringement, 15 U.S.C. § 1114, and false designation of origin and false description, 15 U.S.C. § 1125. For purposes of the present motion for summary judgment, Plaintiffs have limited the scope of their argument to the issue of liability for trademark infringement.

The Court entered a Temporary Restraining Order and Seizure Order (No. 7) on April 24, 2008, enjoining all Defendants from selling, advertising, and destroying, among other actions, any merchandise not authorized by the Plaintiffs that incorporates any

_____

that they have filed for bankruptcy proceedings, and request an automatic stay of proceedings. As required pursuant to 11 U.S.C. § 362, the Court **GRANTS** said Defendants' motion for automatic stay (**No. 232**). Accordingly, the Court **DENIES** Plaintiffs' request for default judgment against said Defendants at this time. Defendants Edgar Figueroa Khury and Marien A. Martinez d/b/a The Outlet by Zakkos Plata **SHALL** advise the Court of the status of their bankruptcy proceedings every ninety days.

CIVIL NO. 08-1462 (JP)            -4-

of the trademarks identified in Exhibit "A" of the Complaint. Pursuant thereto, on April 26, 2008, a civil seizure was carried out at each of the Defendants' stores.  On May 6, 2008, the Court held a show cause hearing (No. 45), at which fifty Defendants appeared and all accepted the entry of the Preliminary Injunction requested by Plaintiffs.  On May 7, 2008, the Court entered a written Order for a Preliminary Injunction (No. 40) against all Defendants, enjoining them from selling, advertising, and destroying, among other actions, any merchandise not authorized by the Plaintiffs that incorporates any of the trademarks identified in Exhibit "A" of the Complaint.

Subsequently, a number of settlement agreements have been reached between Plaintiffs and individual Defendants, and a number of Defendants have failed to appear and have accordingly been found in default.  In the instant motion, Plaintiffs request an award of statutory damages against the Defendants in default pursuant to 15 U.S.C. 1117(c).

## II.  **LEGAL STANDARD FOR A DEFAULT JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 55(b), a party must apply to the Court for a default judgment in cases where default has been entered against the defendant, but the amount of damages is not a sum certain.  Rule 55(b) further provides that the Court may conduct hearings when, to enter or effectuate judgment, the Court needs to determine the amount of damages.  Fed. R. Civ. P. 55(b)(2)(B).

CIVIL NO. 08-1462 (JP)          -5-

In the instant case, the Clerk of Court has entered default against the Default Defendants. Because the aforementioned Defendants are in default, this "constitutes an admission of all facts well-pleaded in the complaint." Metropolitan Life Ins. Co. v. Colón Rivera, 204 F. Supp. 2d 273, 274-75 (D.P.R. 2002); see also Banco Bilbao Vizcaya Argentaria v. Family Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002); Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999). Therefore, the only issue remaining for consideration is the amount of damages. See Quirindongo Pacheco v. Rolón Morales, 953 F.2d 15, 16 (1st Cir. 1992); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 at 444 (1983) (citing Thomson v. Wooster, 114 U.S. 104, 5 S. Ct. 788, 29 L. Ed. 105 (1985)). Moreover, "once the entry of a default establishes the fact of damage, the trial judge . . . has considerable latitude in determining the amount of damages." See Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993).

## III. **ANALYSIS**

### A.   **Statutory Damages**

Pursuant to 15 U.S.C. § 1117(c), a Plaintiff in a case involving use of a counterfeit mark may elect to recover statutory damages instead of actual damages. Statutory damages are permitted in an amount between $1,000.00 and $200,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed, as the court

CIVIL NO. 08-1462 (JP)             -6-

considers just.  15 U.S.C. § 1117(c).  If the Court finds that the use of the counterfeit mark was willful, the Court may award statutory damages up to $2,000,000.00 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the Court considers just.  Id.

Statutory damages are particularly appropriate in cases in which the information needed to establish a precise measure of actual damages is within the infringer's control, and has not been disclosed by the infringer.  See Malletier v. Lincoln Fantasy, 2006 WL 2129025, at *7 (D.P.R. July 27, 2006).  In addition to providing a plaintiff some measure of compensation, statutory damages are intended to deter infringement generally and in particular willful infringement.  See Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 195 (1st Cir. 2004) (noting in copyright context that statutory damages are intended to deter willful infringement).

In the instant case, Plaintiffs have elected to recover statutory damages.  Because the Defendants at issue are in default, neither Plaintiffs nor the Court have complete information regarding their sales of counterfeit merchandise.  However, Plaintiffs have provided the Court with the information that is available regarding the Default Defendants' infringing actions.  Said information includes inventory forms listing items seized from each of the Defendants, as well as declarations of Plaintiffs' investigators.

CIVIL NO. 08-1462 (JP)            -7-

Plaintiffs ask the Court to group the Default Defendants into two categories: (1) wholesalers and repeat violators selling large quantities of counterfeit merchandise; and (2) smaller retailers and first time counterfeiters.  Plaintiffs ask the Court to award statutory damages against the first category of Defendants in the amount of $75,000.00 per mark infringed, and against the second category of Defendants in the amount of $10,000.00 per mark infringed.

The Court finds the amounts proposed by Plaintiffs to be reasonable in light of the ranges permitted under 15 U.S.C. § 1117(c), and sufficient to produce a deterrent effect. Accordingly, the Court will enter judgment awarding statutory damages in the amounts listed in Appendix A to the instant Opinion.

## B. Permanent Injunction

In light of the Default Defendants' failure to answer the complaint, the allegations in the complaint regarding said Defendants are deemed accepted.  Permanent injunctive relief to prevent the Default Defendants from future infringing activity is therefore appropriate.  Accordingly, pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court hereby **ORDERS**:

A Permanent Injunction is entered against the Default Defendants, forever enjoining said Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them:

CIVIL NO. 08-1462 (JP)          -8-

a.      From    manufacturing,    importing,   procuring, distributing,   shipping,   retailing,   selling, advertising, promoting, holding for sale, destroying, altering, disposing of, or in any manner rendering unavailable   for   seizure   and   impoundment   any merchandise   not   authorized   by   Plaintiffs   that incorporates   any   of   the   trademarks   identified   in Exhibit A to the complaint;

b.      From passing off, inducing, or enabling others to sell or pass off as authentic products produced by Plaintiffs or otherwise authorized by Plaintiffs that bear any of the trademarks identified in Exhibit A to the complaint on any product not manufactured by Plaintiffs   or   produced   under   the   control   or supervision of Plaintiffs and approved by Plaintiffs that use any of the trademarks listed in Exhibit A to the complaint;

c.      From   committing   any   act   calculated   to   cause purchasers to believe that Defendants' products are those   sold   under   the   control   and   supervision   of Plaintiffs or are sponsored, approved, or guaranteed by Plaintiffs or are connected with and produced under the control or supervision of Plaintiffs;

CIVIL NO. 08-1462 (JP)          -9-

    d.        From further diluting and infringing Plaintiffs' trademarks and damaging their goodwill;

    e.        From causing, aiding, or abetting any other person from doing any act proscribed under parts a through d above.

**C.**  **Discharge of Bond and Disposal of Seized Merchandise**

It is further **ORDERED** that the bond filed by Plaintiffs in the amount of $75,000.00 is discharged as to the Default Defendants.

It is further **ORDERED** that all counterfeit merchandise seized from the Default Defendants may be destroyed or otherwise disposed of as Plaintiffs deem appropriate.

**IV.**  **CONCLUSION**

In conclusion, the Court **GRANTS** Plaintiffs' motion for default judgment.  A separate Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of December, 2009.


                S/ Jaime Pieras, Jr.
                    JAIME PIERAS, JR.
              U.S. SENIOR DISTRICT JUDGE