IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BEBE STUDIO, INC. et al., <br><br> Plaintiffs <br><br> v. <br><br> ZAKKOS, et al., <br><br> Defendants | CIVIL NO. 08-1462 (JP) |

**OPINION AND ORDER**

Before the Court is Plaintiffs Bebe Studio, Inc., Chanel, Inc., Coach Services, Inc., Gucci America, Inc., and PRL USA Holdings, Inc.'s motion for an award of statutory damages (**No. 247**) against the following Defendants (collectively, the "Named Defendants"): (1) Roberto Rivera-Mendoza d/b/a Accessory Collection Outlet ("Accessory Collection Outlet"), (2) Juan Franco d/b/a Garmaly Fashion ("Garmaly Fashion"), and (3) Roberto Rivera-Mendoza d/b/a Revolution Wave Imports ("Revolution Wave Imports").[1] Plaintiffs' motion is unopposed. For the reasons stated herein, Plaintiffs' motion is hereby **GRANTED**.

---

1. Plaintiffs' motion also requested damages against Félix Acosta d/b/a International Wholesalers, Valentín Cabrera-Pérez and Altagracia Pérez-Sánchez d/b/a Vale Imports, and 24 Distributors, Inc. However, said Defendants subsequently reached settlement agreements with Plaintiffs (No. 266) and are therefore excluded from the instant Opinion and Order. In addition, Defendants Accessory Collection Outlet and Revolution Wave Imports notified the Court of their intention to file settlement agreements (**Nos. 257, 258**). Said motions are **NOTED**. However, no corresponding settlement agreements were filed by said Defendants. As such, the Court will proceed to assess damages against Accessory Collection Outlet and Revolution Wave Imports.

CIVIL NO. 08-1462 (JP)          -2-

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed the instant action against a number of retailers in Puerto Rico, alleging that Defendants unlawfully engaged in the importation, distribution, sale and/or offer for sale of counterfeit merchandise bearing exact copies and/or colorable duplications of Plaintiffs' trademarks or other exclusive properties. Plaintiffs allege that their respective brand names and associated trademarks are widely known as designers of popular fragrances, handbags, cosmetics, clothing, and other merchandise. Plaintiffs assert claims pursuant to the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, for trademark infringement, 15 U.S.C. § 1114, and false designation of origin and false description, 15 U.S.C. § 1125. For purposes of the present motion for summary judgment, Plaintiffs have limited the scope of their argument to the issue of liability for trademark infringement.

The Court entered a Temporary Restraining Order and Seizure Order (No. 7) on April 24, 2008, enjoining all Defendants from selling, advertising, and destroying, among other actions, any merchandise not authorized by Plaintiffs that incorporates any of the trademarks identified in Exhibit "A" of the Complaint. Pursuant thereto, on April 26, 2008, a civil seizure was carried out at each of Defendants' stores. On May 6, 2008, the Court held a show cause hearing (No. 45), at which fifty Defendants appeared and all accepted the entry of the Preliminary Injunction requested by Plaintiffs. On

CIVIL NO. 08-1462 (JP)           -3-

May 7, 2008, the Court entered a written Order for a Preliminary Injunction (No. 40) against all Defendants, enjoining them from selling, advertising, and destroying, among other actions, any merchandise not authorized by Plaintiffs that incorporates any of the trademarks identified in Exhibit "A" of the Complaint.

Subsequently, a number of settlement agreements have been reached between Plaintiffs and individual Defendants, and a number of Defendants have failed to appear and have accordingly been found in default. With regard to the Named Defendants, who are the subject of the present motion requesting an award of statutory damages, the Court previously granted summary judgment (No. 215) on the issue of liability.  Therefore, the only issue that remains as to said Defendants is the amount of damages.

## II.  **LEGAL STANDARD FOR AN AWARD OF STATUTORY DAMAGES**

Pursuant to 15 U.S.C. § 1117(c), a Plaintiff in a case involving use of a counterfeit mark may elect to recover statutory damages instead of actual damages.  Statutory damages are permitted in an amount between $1,000.00 and $200,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed, as the Court considers just.  15 U.S.C. § 1117(c).  If the Court finds that the use of the counterfeit mark was willful, the Court may award statutory damages up to $2,000,000.00 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the Court considers just.  Id.

CIVIL NO. 08-1462 (JP)              -4-

Statutory damages are particularly appropriate in cases in which the information needed to establish a precise measure of actual damages is within the infringer's control, and has not been disclosed by the infringer. See Malletier v. Lincoln Fantasy, 2006 WL 2129025, at *7 (D.P.R. July 27, 2006). In addition to providing a plaintiff some measure of compensation, statutory damages are intended to deter infringement generally and in particular willful infringement. See Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 195 (1st Cir. 2004) (noting in copyright context that statutory damages are intended to deter willful infringement).

### III. ANALYSIS

In the instant case, Plaintiffs have elected to recover statutory damages. Because the Defendants have not provided information regarding their total volume of sales or revenues obtained, neither Plaintiffs nor the Court have complete information regarding their sales of counterfeit merchandise. However, Plaintiffs have provided the Court with the information that is available regarding the Default Defendants' infringing actions. Said information includes inventory forms listing items seized from each of the Defendants, photographs of the products seized, and declarations of Plaintiffs' investigators.

With regard to Defendant Accessory Collection Outlet, Plaintiffs' representatives purchased a counterfeit handbag bearing two Chanel trademarks from said Defendant on March 20, 2008. In

CIVIL NO. 08-1462 (JP)            -5-

addition, Plaintiffs seized five items bearing two Chanel trademarks from Accessory Collection Outlet on April 26, 2008. Plaintiffs also note that the case of <u>Quicksilver, Inc. v. Michael's Import Wholesale, et al.</u>, 08-cv-2068 (CCC) indicates that Accessory Collection Outlet is a recidivist counterfeiter. Plaintiffs request a statutory damages award of $50,000.00 per mark, for a total of $100,000.00 against Defendant Accessory Collection Outlet.

With regard to Defendant Garmaly Fashion, Plaintiffs' representatives purchased a counterfeit handbag and wallet bearing the bebe trademarks from said Defendant on March 15 and 19, 2008. Plaintiffs seized a total of 116 items from Garmaly Fashion on April 26, 2008. The seized items bore one Chanel trademark, one Coach trademark, one Bebe trademark, and one Gucci trademark. Plaintiffs also note that the case of <u>Lacoste Alligator, S.A. v. Rolando Rodríguez, et al.</u>, 06-cv-2210 (CCC) indicates that Garmaly Fashion is a recidivist counterfeiter. Plaintiffs request a statutory damages award of $50,000.00 per mark, for a total of $200,000.00 against Defendant Garmaly Fashion.

With regard to Defendant Revolution Wave Imports, Plaintiffs' representatives purchased a counterfeit handbag bearing a Gucci trademark from said Defendant on March 2, 2008. In addition, Plaintiffs seized a total of 60 items from Revolution Wave Imports on April 26, 2008. The items seized bore one Chanel trademark. In addition, Plaintiffs note that several prior cases indicate that

CIVIL NO. 08-1462 (JP)          -6-

Defendant Revolution Wave Imports is a recidivist counterfeiter. In particular, Plaintiffs cite <u>Lacoste Alligator, S.A. v. Sulia-Santiago, et al.</u>, 05-cv-2559 (PG); <u>Lacoste Alligator, S.A. v. Rolando Rodríguez, et al.</u>, 06-cv-2210 (CCC); and <u>Quicksilver, Inc. v. Michael's Import Wholesale, et al.</u>, 08-2068 (CCC). Plaintiffs request a statutory damages award of $50,000.00 per mark infringed, for a total award of $100,000.00 against Defendant Revolution Wave Imports.

In light of the fact that the Named Defendants are repeat counterfeiters, the Court finds it appropriate to award damages of more than the minimum $1,000 per mark infringed. As is permitted in the statutory damages context, the Court seeks to provide some deterrence in addition to compensating Plaintiffs. <u>Venegas-Hernández</u>, 370 F.3d at 195. The Court finds the amounts proposed by Plaintiffs to be reasonable in light of the ranges permitted under 15 U.S.C. § 1117(c), and sufficient to produce a deterrent effect. Upon consideration of the aforementioned factors, and in the absence of an opposition by Defendants, the Court will enter a separate judgment awarding statutory damages in the proposed amounts.

**IV.  <u>CONCLUSION</u>**

In conclusion, the Court **GRANTS** Plaintiffs' motion and finds that Plaintiffs are entitled to statutory damages awards of $100,000.00 against Defendant Accessory Collection Outlet,

CIVIL NO. 08-1462 (JP)           -7-

$200,000.00 against Defendant Garmaly Fashion, and $100,000.00 against Defendant Revolution Wave Imports.  A separate Judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of August, 2010.

                                                    s/Jaime Pieras, Jr.
                                                      JAIME PIERAS, JR.
                                        U.S. SENIOR DISTRICT JUDGE